**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**RANDALL RAY BUTLER,**

      **Plaintiff,**

**v.**                                                                                      **Civil Action No. 2:09cv68**
                                                                                           **(Judge Maxwell)**

**PRIME CARE MEDICAL**
**AND K. WEEKLY,**

      **Defendants.**

**OPINION/REPORT AND RECOMMENDATION**

On June 2, 2009, the plaintiff filed a civil rights complaint against the above-named defendants. (Dckt. 1). The plaintiff was granted permission to proceed as a pauper on June 5, 2009. (Dckt. 6). The plaintiff paid his initial partial filing fee on June 12, 2009. (Dckt. 13). On June 22, 2009, the undersigned directed the plaintiff to file proof of exhaustion. (Dckt. 14). Plaintiff responded to this request on June 30, 2009. (Dckt. 17). This case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915A and LR PL P 83.01 et seq.

**I. The Complaint (Dckt. 1)**

In the complaint, the plaintiff, an inmate at Tygart Valley Regional Jail, alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, plaintiff asserts that on at least four occasions, he requested treatment from the medical staff for his hepatitis C and was denied. In addition, plaintiff requested an X-ray for his left heel and was denied. As relief, the plaintiff seeks "the treatment I need and the compensation I deserve for the damage and suffering."

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

The exhaustion of administrative remedies "applies to all inmate suits about prison life,

---

[1] Id. at 327.

whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read *futility* or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6 (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

For an inmate housed in a West Virginia Regional Jail facility, the inmate must first file a Level One grievance with the Administrator on an inmate grievance form which is to be provided by jail personnel. If unsatisfied with the Level One decision, the prisoner may proceed to Level Two by filing an appeal with the Chief of Operations. Such appeal must be filed, in writing, within five days of the receipt of the Administrator's decision and must include a copy of the initial complaint and the Administrator's decision. Within five (5) days of receipt of a Level Two Decision, an inmate may request a review by the office of the Executive Director. The inmate must mail copies of the original Complaint and copies of all responses to the office of the Executive Director, Regional Jail Authority.

In the complaint, the plaintiff alleges that he attempted to exhaust administrative remedies.

---

[2] Porter v. Nussle, 534 U.S. 516, 524 (2002)

Complaint at 2. In Woodford v. Ngo, 548 U.S. 81, 89 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, at 93 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 103.

Here, in his response to the order to prove exhaustion, the plaintiff concedes that although he initiated the first level of the grievance procedure with regard to his disciplinary claims, he had not completed any additional level of the process as of the date this case was filed. Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate. See Anderson, 407 F.3d at 682.

## IV. Recommendation

For the reasons set forth in this Opinion, the undersigned recommends that the plaintiff's Complaint (Dckt. 1) be **DISMISSED without prejudice** for the failure to exhaust.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. §

4

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 2, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE